IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**09/09/2009**

|                                    |   |                        |
|------------------------------------|---|------------------------|
| IN RE                              | ) |                        |
|                                    | ) |                        |
| PHILIP J. SMITH and                | ) | CASE NO. 09-80091-G3-13 |
| TRACY K. SMITH,                    | ) |                        |
|                                    | ) |                        |
| Debtors,                           | ) |                        |
|                                    | ) |                        |

MEMORANDUM OPINION

The court has held a hearing on confirmation of the Debtors' plan (Docket No. 49). The pertinent facts are the subject of a written stipulation signed by counsel for Debtors and for Toyota Motor Credit Corp. ("TMCC") The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying confirmation. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Philip J. Smith and Tracy K. Smith ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 17, 2009.

On January 2, 2004, Philip Smith leased a new 2004 Toyota Sienna minivan from Star Toyota. Star Toyota assigned the lease to TMCC. The lease provided that the value of the vehicle on the date of the lease was $31,577.00. The lease provided for

48 monthly payments of $525.27.  The lease provided that Debtor would have an option to purchase the vehicle at the end of the lease term for $12,793.00.  The lease stated in pertinent part, in bold type:  "This is a lease; you have no ownership interest in the Vehicle unless and until you exercise your option to purchase set forth in this Lease"  (Exhibit A).

On January 24, 2004, TMCC obtained a certificate of title, showing it as owner and lessor of the vehicle.  (Exhibit B).

On April 15, 2008, Philip Smith exercised the option to purchase the vehicle, and executed a retail installment contract for purchase of the vehicle.  The retail installment contract provides that Debtor will make 48 monthly payments of $469.26.  (Exhibit C).

On June 20, 2008, TMCC obtained a certificate of title, showing Debtor as owner of the vehicle, and TMCC as lienholder.  (Exhibit D).

The parties have stipulated that the vehicle is a motor vehicle acquired for the personal use of the Debtors.

TMCC filed a proof of claim, in the amount of $14,550.01, secured by the vehicle.

Debtors' plan provides for payment of $10,287.50 on TMCC's secured claim, alleged by Debtors to be the value of the vehicle.  (Docket No. 49).

<u>Conclusions of Law</u>

Section 1325(a)[1] conditions confirmation on, in

pertinent part:

> (5)  with respect to each allowed secured claim
> provided for by the plan—
>
>> (A) the holder of such claim has accepted the
>> plan;
>>
>> (B)(i) the plan provides that—
>>
>>> (I)  the holder of such claim retain the lien
>>> securing such claim until the earlier of—
>>>
>>>> (aa) the payment of the underlying debt
>>>> determined under nonbankruptcy law; or
>>>>
>>>> (bb) discharge under section 1328; and
>>>
>>> (II)  if the case under this chapter is
>>> dismissed or converted without completion of
>>> the plan, such lien shall also be retained by
>>> such holder to the extent recognized by
>>> applicable nonbankruptcy law; and
>>
>> (ii) the value, as of the effective date of the
>> plan, of property to be distributed under the plan
>> on account of such claim is not less than the
>> allowed amount of such claim, and
>>
>> (iii) if—
>>
>>> (I) property to be distributed pursuant to
>>> this subsection is in the form of periodic
>>> payments, such payments shall be in equal
>>> monthly amounts; and
>>>
>>> (II) the holder of the claim is secured by
>>> personal property, the amount of such
>>> payments shall not be less than an amount

---

[1]The portion of Section 1325(a) identified after the
ellipsis is not numbered, and has been described in many opinions
addressing its application as the "hanging paragraph" of Section
1325(a).

> sufficient to provided to the holder of such
> claim adequate protection during the period
> of the plan; or
>
> (C) the debtor surrenders the property securing
> such claim to such holder;
>
>                 * * *
>
> For purposes of paragraph (5), section 506 shall not
> apply to a claim described in that paragraph if the
> creditor has a purchase money security interest
> securing the debt that is the subject of the claim, the
> debt was incurred within the 910-day preceding the date
> of the filing of the petition, and the collateral for
> that debt consists of a motor vehicle (as defined in
> section 30102 of title 49) acquired for the personal
> use of the debtor, or if collateral for that debt
> consists of any other thing of value, if the debt was
> incurred during the 1-year period preceding that
> filing.

11 U.S.C. § 1325(a).

In the instant case, TMCC contends that its debt was incurred on April 15, 2008, within the 910 days preceding the date of filing of the petition, when Mr. Smith executed the retail installment contract.  Debtors contend that the debt was incurred on January 2, 2004, outside the 910 days preceding the date of filing of the petition, when Mr. Smith signed the lease.

In oral argument, Debtor's counsel asserted that Debtor acquired rights in the vehicle on January 2, 2004, and that the April 15, 2008 transaction was a mere refinancing of the first transaction.

Whether a transaction in the form of a lease creates a lease or security interest is determined by the facts of each

4

case.  Tex. Bus. & Comm. Code § 1.203(a).

Section 1.203(b) of the UCC provides:

A transaction in the form of a lease creates a security interest if the consideration that the lessee is to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease and is not subject to termination by the lessee, and:

(1) the original term of the lease is equal to or greater than the remaining economic life of the goods;
(2) the lessee is bound to renew the lease for the remaining economic life of the goods or is bound to become the owner of the goods;
(3) the lessee has an option to renew the lease for the remaining economic life of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement; or
(4) the lessee has an option to become the owner of the goods for  no additional consideration or for nominal additional consideration upon compliance with lease agreement.

Tex. Bus. & Comm. Code § 1.203(a).

A transaction in the form of a lease does not create a security interest merely because the lessee has an option to renew the lease or to become the owner of the goods.  Tex. Bus. & Comm. Code § 1.203(c)(4).

In the instant case, the consideration Debtors were to pay to become owners of the vehicle was more than nominal.  The optional purchase cost set forth in the lease is slightly higher than the amount Debtors set forth in their plan as the value of the vehicle as of the petition date.  The court concludes that the January 2, 2004 transaction was a lease.

A lease contract generally is effective and enforceable according to its terms between the parties, against purchasers of the goods and against creditors of the parties.  Tex. Bus. & Comm. Code § 2A.301.

The lease contract (Exhibit A) did not provide for Debtor to obtain any right of ownership of the vehicle, unless and until Debtor exercised the purchase option in the lease.  The court concludes that Debtor did not obtain an ownership interest in the vehicle on January 2, 2004.  The April 15, 2008 transaction is not a refinancing transaction, but rather is a new financing transaction in which TMCC loaned funds to Debtor, which Debtor used to exercise his purchase option with respect to the vehicle.  The court concludes that, pursuant to Section 1325 of the Bankruptcy Code, Section 506 does not apply to permit payment of less than the allowed amount of the claim through the plan. The court concludes that the instant plan does not comply with Section 1325(a)(5)(B)(ii), and therefore cannot be confirmed.

Based on the foregoing, a separate Judgment will be entered denying confirmation of the plan.

Signed at Houston, Texas on September 9, 2009.


LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE